**4**

Hunter R. LEVI, Appellant

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellee.

No. 12–7093.

United States Court of Appeals, District of Columbia Circuit.

Oct. 30, 2013.

Rehearing En Banc Denied Jan. 10, 2014.

Hunter R. Levi, Overland Park, KS, pro se.

Jonathan Gans Axelrod, Beins, Axelrod, Gleason & Gibson, P.C., Matthew Harris, AFL–CIO Office of the General Counsel, Washington, DC, for Appellee.

BEFORE: HENDERSON, GRIFFITH, and KAVANAUGH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed February 10, 2012, and August 31, 2012, be affirmed. With respect to appellant's argument concerning the February 10 memorandum opinion's reference to a reply in support of the motion to dismiss, appellee confirms that it did not file a reply. But appellee was not required to file a reply, *see* Local Civ. R. 7(d), and as the district court did not cite the reply in the substantive portion of the memorandum opinion, this court concludes that the error was inadvertent and harmless.

As for the merits, appellant now disavows any claim arising from a duty of fair representation in arbitration proceedings. Moreover, assuming without deciding that the union's constitution is an enforceable contract between the union and its members, appellant failed to state a claim for breach of contract, because he did not identify any provision of the constitution that appellee's conduct violated. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681–82 (D.C.Cir.2009) ("[E]ven a pro se complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.") (internal quotations omitted). Furthermore, the district court did not abuse its discretion by denying appellant's motion for reconsideration under Fed.R.Civ.P. 59(e). *See Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C.Cir.1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.